UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

December 3, 2010

FILED
JAMES J. WALDRON, CLERK

DEC. 3, 2010

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ Ronnie Plasner, DEPUTY

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Law Offices of Edward P. Azar, L.L.C.
Edward P. Azar, Esq.
2840 Route 23 South
Newfoundland, New Jersey 07435
*Counsel for Debtor*

Berman, Sauter, Record & Jardim, P.C.
Katherine L. Mikalanis, Esq.
222 Ridgedale Avenue
P.O. Box 2249
Morristown, New Jersey 07962
*Counsel for Creditor, Heritage Lakes at the Quarry Condominium Association, Inc.*

Re:   **Beverly Liversidge, Debtor**
      **Case No. 10-16342 (DHS)**

Dear Counsel:

     Before the Court is a motion by the Debtor, Beverly Liversidge ("Debtor"), to hold one of her creditors, Heritage Lakes at the Quarry Condominium Association, Inc. ("Association"), in contempt for its attempts to collect post-petition condominium fees and expense assessments. The Debtor argues that that the Association violated the Order of Discharge granted by this Court on June 11, 2010, and therefore seeks sanctions and attorneys fees in connection with this

Page 2
December 3, 2010

motion for contempt. In reply, the Association argues that collection attempts were made in good faith, within its rights granted by 11 U.S.C. § 523(a)(16), and that the relief sought by the Debtor is severe and unwarranted. Accordingly, the Association requests that the Court deny the motion with prejudice.

For the reasons that follow, the motion is denied. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I). Venue is proper under 28 U.S.C. § 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## **STATEMENT OF FACTS**

The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on March 5, 2010. The Debtor received a discharge on June 11, 2010. At the time of her filing and continuing through the present, the Debtor has resided in a condominium located within the Heritage Lakes at the Quarry development. (Debtor's Cert., ¶¶ 2-5) The Debtor's condominium is under the auspices of the Association's Master Deed and By-Laws. (Cert. of Mikalanis, ¶ 5) On her schedules, the Debtor listed a debt owing to the Association for common expense assessments.

At filing, the Debtor owed the Association $2,883.83 in pre-petition fees. (*Id.* at ¶ 6) By a letter dated June 22, 2010, the Association's attorneys directed that all pre-petition debts be "written off" the Debtor's account. (*Id.* at ¶8) The Association continued to bill the Debtor for pre-petition debts through August 17, 2010. (*Id.*) However the Debtor's account presently reflects action taken by the Association in accordance with the June 22 directive.[1] (*Id.* at ¶ 9)

As of April 1, 2010, the Association began billing the Debtor for post-petition common expense assessments. (*Id.* at 11) The Debtor has failed to make any post-petition payments and presently owes the Association a post-petition balance of $1,948.08, including late fees and legal fees in connection with its collection efforts for post-petition fees. (*Id.*) The Debtor argues that although section 523(a)(16) of the Bankruptcy Code excepts post-petition condominium fees from discharge, this section only applies after the administration of the case. Accordingly, the Debtor argues that the Association is in contempt for its efforts to collect on the aforementioned fees, both pre-petition and post-petition.

---

[1] The Court is cognizant of the fact that the Association continued to bill the Debtor for pre-petition debts following the petition date, including two invoices that were sent on July 20, 2010 and August 17, 2010 *after* the directive to write off the Debtor's account. However, the Court is satisfied that these invoices were merely the result of a lag in the Association's accounting system and not a malicious attempt to collect on discharged debts, nor did the Debtor suffer damages because of such conduct.

Page 3
December 3, 2010

## DISCUSSION

Section 523 of the Bankruptcy Code creates exceptions to the global discharge granted to individual debtors by section 727. *See* 11 U.S.C. §§ 523 and 727. Section 523(a)(16) specifically addresses condominium fees:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–
>
> (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership . . . for as long as the debtor . . . has a legal, equitable, or possessory ownership interest in such unit . . .[.]

11 U.S.C. § 523(a)(16). In a voluntary bankruptcy case, the filing of a petition constitutes an order for relief. 11 U.S.C. § 301(a)-(b).

Thus, section 523(a)(16) applies to *post-petition* condominium fees and excepts them from discharge, as long as the debtor continues to reside in or own the unit. Vol 4. COLLIER ON BANKRUPTCY ¶ 523.24 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("Section 523(a)(16) excepts from discharge fees and assessments that become due and payable postpetition . . . These fees and assessments are excepted from discharge for the period that the debtor has an ownership interest in the unit."); *See also In re Hawk*, 314 B.R. 312, 316 (Bankr. D.N.J. 2004); *Montclair Prop. Owners Ass'n v. Reynard (In re Reynard),* 250 B.R. 241, 244 n.5 (Bankr. E.D. Va. 2000). In the legislative histories to the Bankruptcy Reform Act of 1994, which added subsection (16) to section 523(a), and to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, it is clear that Congress intended the exception to apply immediately following the petition date. *See In re Rosteck,* 899 F.2d 694 (7th Cir. 1990) (citing 140 Cong. Rec. H10764 (daily ed. October 4, 1994) (reprinted in E App. Collier on Bankruptcy at App. Pt. 9-97 to 98) ("This section amends section 523(a) of the Bankruptcy Code to except from discharge those fees that become due . . . *after the filing of a petition* . . .") *and* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 88, *reprinted in* App. Pt. 10(b) (2005 amendment was intended "to broaden the protections accorded to community associations with respect to . . . fees that accrue *postpetition* . . . ").

At oral argument, the Debtor's attorney alluded to case law that would indicate § 523(a)(16) does not apply until "after discharge and the administration of the case." However, the Court can find no case law to support this reading of the statute, nor has the Debtor's attorney cited to any such cases in his filings before the Court. A plain reading of the sub-section, specifically the phrase "after the order for relief," as that term is defined by § 301(b), makes it clear that § 523(a)(16) makes all post-petition condominium fees payable and non-dischargeable as soon as a debtor files a voluntary petition.

Page 4
December 3, 2010

Accordingly, it is clear that the Debtor should have been making post-petition payments of fees. The applicable fines and legal fees incurred by her failure to make these payments are appropriate. The Debtor continues to reside in the condominium and derives the benefits therefrom. The Association is within its rights to seek payment on post-petition fees and assessments for this period. To the extent the Association may have billed for pre-petition fees, this was quickly remedied and the Debtor suffered no harm as a result.

## CONCLUSION

In light of the foregoing facts and law, the Debtor's motion for contempt is denied. She remains obligated to pay all post-petition fees, fines, and expenses due and owing to the Association. An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

*Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure